# Wheeling.

## STATE FOR USE OF BOARD OF EDUCATION OF VOLCANO DISTRICT *v.* HILL *et al.*

### Decided December 18, 1880.

1880
Special Term.

State for use
of Board of Ed-
ucation of
Volcano District
v.
Hill *et al.*

1. A sheriff for Wood county was elected on the 22d day of August, 1872, the day our present Constitution went into effect, for the term of four years, commencing on the first day of January, 1873; and on the 25th day of October, 1872, he executed his official bond, the condition of which was to faithfully discharge the duties of his office. This bond was signed by the Sheriff elect and nine securities, and was taken before and approved by the Judge of Wood county, elected under the former Constitution, and who by the new Constitution was continued in office till January 1, 1873. HELD:

     I. This bond was properly taken, before the Legislature under the new Constitution had passed any statute in reference to the giving of the bond.

     II. It was properly approved by the Judge of the circuit court of Wood, pursuant to a statute passed prior to the adoption of the new Constitution.

     III. There should at that time, though not now, have been properly added to the condition of the bond as taken, the condition "for accounting for and paying over, as required by law, all money which might come into his hands by virtue of his said office of sheriff," as was then required by law; but its omission did not vitiate the bond, nor, as the statute law then was, change the meaning or effect of the bond.

2. The sheriff during his term having collected the school-taxes in said county for 1876, during that year, and having failed to pay over the same, and not having given the additional bond mentioned in the act of February 28, 1872, ch. 191 of Acts of 1872,

p. 270, nor the special bond mentioned in the 46th section of ch. 123 of the Acts of 1872–73, p. 414, passed April 12, 1873, his said sureties in his said official bond, executed on October 25, 1872, are liable for this delinquency of the sheriff.

1880
Special Term.

State for use
of Board of Education of
Volcano District
v.
Hill et al.

3. Chapter 83, § 1 of Acts of 1870, page 91, which went into effect September 1, 1870, made it the duty of the sheriff to collect all school-taxes assessed in his county, and made his sureties in his general official bond executed after September 1, 1870, responsible for the collection of such school-taxes, and for the proper paying over of the same; and the said acts of February 28, 1872, and April 12, 1873, did not relieve the sheriff from the duty imposed on him by said act of 1870, to collect said school-tax before giving the additional bond mentioned in the acts of February 28, 1872, or before giving the special bond mentioned in the act of April 12, 1873 ; and, therefore, if such additional or special bond was not given, the sureties of the sheriff on his general official bond would be responsible for the faithful collecting and paying over by the sheriff of such school-tax, if his official bond was given prior to April 12, 1873.

4. *Queræ*: Would the securities be responsible for such a delinquency of the sheriff's official bond, had it been given after April 12, 1873 ?

5. *Queræ :* If this additional bond or special bond had been given, would the securities of the sheriff in his general official bond be responsible for the delinquencies of the sheriff in collecting and paying over the school-tax, after such additional or special bond had been given ?

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Wood, rendered on the 29th day of January, 1879, in a suit at law, wherein the State of West Virginia for the use of The Board of Education of Volcano District was plaintiff, and W. J. Hill and others were defendants, allowed upon the petition of said defendants.

Hon. Gideon D. Camden, special judge, rendered the judgment complained of.

GREEN, PRESIDENT, furnishes the following statement of the case:

In February, 1879, the State of West Virginia, who sued for the use of the Board of Education of Volcano,

1880
Special Term.

State for use
of Board of Ed-
ucation of
Volcano District
v.
Hill et al.

brought its action of debt in the circuit court of Wood county against W. J. Hill, late sheriff of Wood county, and his sureties, Samuel Newberger, George Jackson, I. K. Camden, William T. Poole, James M. Jackson, B. T. Beeson, I. G. Blackford, F. M. Keene and John V. Rathbone, on a bond signed by the defendants, in which they bound themselves jointly and severally in the sum of $50,000.00 unto the State of West Virginia, dated October 25, 1872. To which bond this condition was annexed: " Whereas, the above bound William J. Hill was on the 22d day of August, 1872, duly elected by the qualified voters of said Wood county sheriff of said county for the term of four years, commencing on the 1st day of January, 1873, and ending on the 31st day of December, 1876. Now if the above bound William J. Hill shall faithfully discharge the duties of his said office of sheriff of Wood county, then the above obligation to be void, or otherwise shall remain in full force and authority." This bond was, on the day it bears date, approved by George Loomis, judge of the ninth judicial circuit of West Virginia.

The case was tried before Gideon D. Camden, who was selected to act as judge in the trial of the case by the counsel for the plaintiff and the counsel for the defendants, Judge Jackson being a party defendant.

The defendants craved oyer of the bond and demurred to the declaration, and the plaintiff joined in the demurrer. The declaration sets out the facts, which are recited in the condition of the bond, and that it was approved by George Loomis, judge of the ninth judicial circuit of West Virginia. It alleges as the breach of this bond substantially, that it was the duty of William J. Hill, as such sheriff as aforesaid, in faithfully discharging the duties of his office to account for and pay over all money, which should come into his hands by virtue of his office, and that it was his duty by virtue of his office as such sheriff to collect all State, county, district, school and other public taxes assessed therein ; and

that on the 31st day of December, 1876, he as such sheriff and during his term of office collected and received by virtue of his office certain moneys belonging to the Board of Education of Volcano, in said county, both of taxes levied by said board of education for free schools on property within the boundaries of the free school-district of Volcano, and also that distributed to said school-district of Volcano by the State of West Virginia, amounting in all to $4,000.00; that on September 10, 1877, there was due to the Board of Education of Volcano on the building and teachers' fund belonging to said district $597.70, and the Board of Education of Volcano then drew an order on said Wm. J. Hill, as such sheriff for this last named sum, specifying the sum to be paid and the fund to which it was to be charged, which was signed by the secretary and president of the board, and it caused this order to be presented to him and demanded payment thereof before this suit was commenced, by reason whereof it became his duty as such sheriff to pay to the " Board of Education of Volcano " or its order said sum of $597.70; but he neglected, failed and refused to pay the said sum of money or any part thereof.

The declaration is properly drawn, and the question intended to be raised by the demurrer is, whether the defendants, the sureties of said sheriff, were responsible for the school-taxes received by W. T. Hill and not paid over by him. The court overruled the demurrer, and the defendants pleaded conditions performed, and issue was joined; and they also pleaded payment, and issue was joined thereon. A trial by jury was waived, and the case was submitted to the court. The court on March 29, 1879, heard the evidence, and found for the plaintiff, and entered a judgment against the defendants for the penalty of the bond, to be discharged by the payment of $596.20 with legal interest thereon from September 10, 1877, till paid and costs.

The defendants on the trial objected to the production

*1880
Special Term.*

*State for use of Board of Education of Volcano District v. Hill et al.*

1880
Special Term.

State for use
of Board of Ed-
ucation of
Volcano District
v.
Hill *et al.*
of the bond sued on as evidence and also to the approval of it endorsed thereon. And to the production in evidence of the assessment of the school-tax for said district for the year, 1876, on the ground that the sureties of the said sheriff in this bond were not liable on said bond for these taxes; but the court overruled these objections and admitted all this evidence; and the defendants by their counsel excepted. They also moved for a new trial, on the ground that on the law and evidence the plaintiff was not entitled to recover. The court overruled their motion and refused to grant a new trial, to which they excepted. The bill of exceptions sets forth all the evidence offered, it being first, the bond sued on and the endorsement aforesaid thereon; second, the assessment for school moneys for the year, 1876, including the general State fund apportioned to said district for said year amounting to $2,583.82; third, the settlement of the Board of Education of said district for school moneys showing balance due of $596.20 as of date September 10, 1877; and fourth, the act incorporating said independent school-district of Volcano passed February 18, 1871.

A writ of error and *supersedeas* was allowed the defendants by this Court on their petition setting forth alleged errors.

*J. B. Jackson*, for plaintiffs in error cited the following authorities:

Code, p. 71, §2; 9 W. Va. 703; *Id.* 162; Code p. 64, § 5; Con. 1872, Art. VIII. § 36; *Id.* Art. VII. § 7; Code p. 79 § 6; 1 Tuck. Com. 278; 2 Leigh 648; 2 Call 510; Code of Va. (ed. 1860) p. 103 § 8; Cooley Con. Lim. 58, 59; Story Con. § 453; Dwarris 658, 698, 702, §§ 3, 4 *et seq.*; Acts 1872-3, p. 89, § 6; Con. 1872, Art. IX. § 5; 1 Tuck. Com. 45; Code, p. 249 § 1; Acts 1872, pp. 269, 270; Acts 1872-3, p. 32; *Id.* p. 89, § 6; Acts 1870, p. 91; Acts 1871, p. 177; 9 Wheat. 720; 10 Ired. 229; Acts 1872-3, p. 414; 4 H. & M.

208; Acts 1872, p. 386, § 7; 10 Bush 134, 135; 7 Reporter 221; 1 Gill 303; 1 Dev. 52; *Id.* 214; 3 Har. & M. 216; 1 Dev. 65; 16 Ohio St. 17; 3 Sawyer 424; 4 Nev. 429, 38 Me. 47; 1 Metc. 317.

1880
Special Term.

State for use
of Board of Education of
Volcano District
v.
Hill *et al.*

*John A. Hutchinson*, for defendant in error, cited the following authorities :

Con. 1872, Art. VIII, § 36; Con. 1863, Art. VII, § 7; Con. 1872, Art. IX., § 5; Code, 1860, ch. 13, § 8; Code, ch. 10, § 14; Acts 1872-3, ch. 11, § 1; 39 Wis. 468; 22 Mich. 461; 13 Gratt. 175; 27 Gratt. 608; Acts 1870, p. 91; Acts 1872, p. 269; Acts 1872-3, ch. 123, § 46; 1 Blatch. 342; 12 Wheat. 505; 9 Wheat. 720; *Id.* 184; 11 Wheat. 184; 16 Gratt. 334; 10 Pet. 343; 2 Brock. 114.

GREEN, PRESIDENT, announced the opinion of the Court:

The sole question presented in different forms by this record is : Were the sureties of W. J. Hill, sheriff of Wood county, elected such on the 22d day of August, 1872, for the term of four years commencing on January 1, 1873, responsible for the school-taxes of 1876, collected by him and not paid over, upon a bond dated October 25, 1872, conditioned, that he should faithfully discharge the duties of his said office of sheriff of Wood county, which bond was approved on said October 22, 1872, by George Loomis, judge of the ninth judicial circuit, as fixed under the first Constitution of this State ? The plaintiffs in error by their counsel insist, that this bond is void ; first, because there was no authority of law for executing it ; second, because the judge, before whom it was taken, had no authority to take and approve this bond ; and lastly, because, if their propositions are not sustainable, then the bond was not such a bond as was authorized by the law to be taken, even if a proper bond could have been executed, when this bond was given.

58

1880
Special Term.

· State for use
of Board of Ed-
ucation of
Volcano District
v.
Hill et al.

By § 14 of ch. 10 of Code of 1868, p. 80, it is provided, that the sheriff of every county shall give bond, to be approved by the judge of the circuit court of the county in vacation, in such penalty as the judge shall deem sufficient. This bond was taken before George Loomis, judge of the circuit court of Wood county, on October 25, 1872, in strict conformity with this statute. It is claimed, that this statute became inoperative on August 22, 1872, when our present Constitution was adopted, though this new Constitution has in it this clause: "Such parts of the common law, and of the laws of this State, as are in force when this Constitution goes into operation, and are not repugnant thereto, shall be and continue the law, until altered or repealed by the Legislature (Article VIII, § 36, of Constitution, p. 32, in Acts of 1872-3); and though it has in it this further clause: " The present judges of the circuit courts appointed under the existing Constitution and laws shall remain in office until the 1st day of January, 1873." See § 12, of Schedule of New Constitution in Acts of 1872-3, p. 45.

The startling proposition, that no officer elected under the new Constitution, August 22, 1872, when it went into effect could qualify or give bonds of office, till the Legislature had met and passed laws authorizing their giving such bonds and qualifying, is based on the idea, that the Code of West Virginia provided not for the giving of bonds and qualifying of officers of the State of West Virginia but of officers under the Constitution of 1863. Neither the law which we have quoted above, nor any other law in the Code has confined its operation to officers elected under the Constitution of 1863, and I can conceive of no reason, why we should interpolate these words in the law. There can be no reason assigned for supposing, that the Legislature in providing for the qualification and giving of bonds by the sheriffs of the different counties meant, that these absolutely necessary laws under all Constitutions should apply only to those sheriffs, who were elected under the

1880
Special Term.

State for use
of Board of Ed-
ucation of
Volcano District
v.
Hill *et al.*

Constitution of 1863. They have not put such a limitation in the law as enacted ; and we have neither the authority nor the disposition to do so. The only effect of so doing would be to produce great public mischief and inconvenience. This disposes of the two first objections to this bond.

The third objection is based on the assumption, that the condition of the bond sued on in this case was not such as the law required it to be. The condition of a sheriff's bond as required by sec. 6, ch. 10 of Code of W. Va. p. 79, is, "for the faithful discharge by him of the duties of his office, *and for accounting for and paying over as required by law all money which may come to his hands by virtue of his office.*" The Constitution of 1872, article IX, sec. 5 provides, that "the Legislature may require any county officer to give bond with security for the faithful discharge of the duties of his office." See Acts of 1872-3, p. 33. The bond in this case was taken with the condition mentioned in this section and was the same as that required by the Code of West Virginia, except that it omitted that portion of the condition in the Code of West Virginia above quoted, which is italicised. As when this bond was executed, the Legislature had not acted under the authority conferred on it by sec. 5 of article IX of new Constitution, p. 33, the sheriff's bond ought properly to have been taken under sec. 6, ch. 10 of Code of W. Va. p. 79, which had been continued in force by sec. 36, article VIII of new Constitution, p. 32.

It is admitted, however, by the counsel of the plaintiff in error, that the failure to insert in the bond that portion of the condition of the bond above italicised, does not vitiate the bond ; but it is insisted that the securities in the bond are only bound by so much of the condition as was inserted in this bond, that is, for the faithful discharge by Wm. J. Hill of the duties of his office of sheriff of Wood county, and that they can not be bound for any default of his in failing to account for and

1880
Special Term

State for use
of Board of Ed-
ucation of
Volcano District
v.
Hill et al.

pay over, as required by law, all money which might come into his hands by virtue of his office, except in such cases as they would be bound, because such failure to account and pay over was a breach of the condition inserted in the bond they executed, that Wm. J. Hill would faithfully discharge the duties of this office as sheriff of Wood county.

The question then is: Did the condition of this bond, executed October 25, 1872: "now if the above bound William J. Hill shall faithfully discharge the duties of his said office of sheriff of Wood county, then the above obligation to be void, or otherwise shall remain in full force and authority," bind the sureties to answer, if the sheriff collected and failed to pay over the school-taxes assessed and collected in 1876? To answer this question it will be necessary to review the statute-laws and see what is the true meaning of those in force, when this bond was executed, and when these school-taxes were collected by the sheriff.

For a long time prior to the year, 1842, the State of Virginia required of sheriffs three bonds, one conditioned for the true collection and payment of taxes in their counties; another for the collection and payment according to law of all levies, fines, forfeitures and amercements; and a third for the due collection and payment of officers' fees, for the due service of process and payment of moneys received on executions and generally for the faithful execution of all the duties devolved on them. See Tucker's Com. vol. 1, 45. But in the revisal of 1848 this policy of requiring several bonds of a sheriff was changed, and but one bond was required of him, which was conditioned for the faithful discharge of the duties of his office; (see Code of 1860, ch. 13, § 8, p. 103) and this remained the law till the formation of this State. 'Pursuant to § 7, Art. VII of the Constitution of 1863 (see Code of West Virginia, p. 33) the Legislature by ch. 5, § 5 of Acts of 1863 (see Code of West Virginia, ch. 10, § 6, p. 79) provided, that

1880
Special Term.

State for use
of Board of Edu-
cation of
Volcano District
v.
Hill *et al.*

the condition of the sheriff's bond should be for the faithful discharge by him of the duties of his office and for accounting for and paying over as required by law all money which may come to his hands by virtue of his office. And it was made the duty of the sheriff to collect and pay over according to law the county-levies and school-tax; (see Acts of 1863, ch. 88, § 13, p. 95 and ch. 13, § 37, p. 257) but no special bond was then required of him. But in 1867, the sheriff was relieved from collecting the school-tax, and it was to be collected by the township treasurers. See ch. 98, § 47 of Acts of 1867, also ch. 176 of Acts of 1868, p. 144. The first time, that more than one bond was required of a sheriff since 1850, was when the Code of 1868 went into operation. The sheriff under its provision not only gives his general bond conditioned, as it had been since 1863, but also he was required to give another bond, in such penalty as the board of supervisors might prescribe, before he should collect the county-levies. See Code of Virginia, ch. 40, § 1, p. 249. But in 1870 the Legislature by an act passed March 2, 1870, and which went into effect September 1, 1870, (see Session Acts of 1870, ch. 83, p. 91) abolished the office of township treasurer and enacted, that the sheriff should thereafter collect all State, county, township, school, road and other public taxes assessed in their counties (excepting only municipal taxes), and declaring that the sheriff and his sureties in his official bond should be responsible therefor, as they were responsible for State taxes.

Sheriffs, who qualified after the passage of this act, were not required to give any but their general official bond, which from the wording of this act would hold the securities in such bonds responsible for the faithful collection and payment over of all taxes of every description by the sheriff, town-taxes only excepted. By the act of February 27, 1871, Acts of 1871, page 177, former township treasurers were required to place all uncollected taxes in the hands of the sheriffs, who were

1880
Special Term.

State for use
of Board of Ed-
ucation of
Volcano District
v.
Hill et al.

directed to collect the same; and they and their sure-
ties in their official bond were declared to be responsible
for the same. It thus appears, that prior to 1850 the
Legislature required the sheriffs not only to give a gen-
eral official bond with security but also special bonds
with security for the performance of certain specified
duties, but after 1850 only one general bond was required
to be given by the sheriffs, conditioned for the faithful per-
formance of all the duties of his office. This continued
to be the law till 1867. It is obvious that no material
change was made in 1863, when the Legislature added to
the condition of the bond for the faithful performance
of the duties of his office the provision for accounting
for and paying over, as required by law, all money,
which may come into his hands by virtue of his office;
for so long as he was required to give but one general
official bond and no special bond, the accounting for and
paying over, as required by law, of all money, which
might come into his hands by virtue of his office, ob-
viously was included in the condition to faithfully per-
form the duties of his office.

In 1867 the policy of the Legislature was for a time
changed; and during the next three years the policy,
that prevailed prior to 1850, was adopted, and special
bonds were required of the sheriff to do certain specific
duties; first, for the collection of school-taxes, and
then for the collection of county-levies. In 1870 this
policy was abandoned; and the policy, which had pre-
vailed from 1850 to 1867 was again adopted, and only
one general official bond was to be taken thereafter for
the faithful performance of all his duties after Septem-
ber 1, 1870, and among these duties were expressly in-
cluded the collection of all state, county, township,
school, road and other public taxes assessed in his coun-
ty, saving only municipal or town-taxes; and he was
expressly required to account for and pay over all these
taxes. See Session Acts of 1870, p. 91. Under such a
a bond, as is sued on in this case, it is obvious, that un-

1880
Special Term.

State for use
of Board of Ed-
ucation of
Volcano District
v.
Hill *et al.*

der this act, ch. 83, Acts of 1870, if it was executed after this act went into effect, September 1, 1870, the sheriff and his sureties would be responsible for his faithful collection and paying over of the school-tax.

Whether, if the general official bond of a sheriff had been executed between 1867 and September 1, 1870, while special bonds were required of the sheriff for the collection of county-levies, and while the collection of the school-tax was imposed on township treasurers, the sheriff and his sureties in his general official bond could be held responsible for the collection of county-levies and school-taxes after September 1, 1870, may be questionable. Perhaps the weight of authority may establish the proposition that the sureties of an officer upon his official bond are liable for the faithful performance of all duties imposed upon such officer by laws enacted subsequent to the execution of the bond, which properly belong to, and come within the scope of, the particular office, but not for those which have no connection with it, and cannot be presumed to have entered into the contemplation of the parties at the time the bond was executed. See White & Tudors' Leading Cases in Equity (4th Am. fr. 4th London ed.) vol. 2, pt. 2, pp. 1913 and 1914, notes to *Reese* v. *Barrington*, and *Illinois* v. *Ridgway*, 12 Ill. 14; *Smith* v. *Peoria*, 59 Ill. 413, 425; *The People* v. *Vilas*, 36 N. Y. 459; *Mooney* v. *The State*, 13 Mo. 71; *Coulter* v. *Morgan*, 12 B. Mon. 278; *The People* v. *McHutton*, 2 Gilman 216. Or perhaps the law may be more favorable to the securities of the sheriff under such circumstances than I have stated it. See *United States* v. *Kirkpatrick*, 9 Wheat. 720; *State* v. *Bradshaw*, 10 Ired. 229; *Anderson* v. *Thompson*, 10 Bush 134–5; *Board of Supervisors* v. *Ehlers*, 45 Wis.; *Cumpler* v. *Governor*, 1 Dev. 52; *Governor* v. *Malloch*, 1 Dev. 214; *Amos* v. *Johnson*, 3 Har. & M. 216; *Governor* v. *Barr*, 1 Dev. 65; *United States* v. *Nicholl*, 12 Wheat. 505; *United States* v. *Anderson*, 1 Blatchf. 342; *United States* v. *Vanzant*, 11 Wheat. 184.

1880
Special Term.

State for use
of Board of Ed-
ucation of
Volcano District
v.
Hill *et al.*

But we need express no opinion on what would have been the responsibilities of the sureties in a case like this, had the bond in this case been given prior to September 1, 1870. After that time it was clearly included in the duties of a sheriff, that he should collect and pay over according to law all school-taxes levied in his county ; and if his general official bond was given after that date, the securities in it would be clearly responsible for the faithful performance of this duty of his office, unless they have been relieved from such responsibility by subsequent legislation. This, it is claimed by the counsel for the plaintiffs in error, was in fact done by the act of February 28, 1872, as to all general official bonds of the sheriff executed after the date of this act, as was the bond sued on in this case. This act is in these words : "*Be it enacted by the Legislature of West Virginia,* That the sheriff of every county shall do and perform all the the duties and be subject to the same pains and penalties and liabilities as the former township treasurers ; and all moneys heretofore required to be paid to said treasurers shall be paid to said sheriffs. All payments of any such moneys heretofore made to any sheriff are hereby legalized. And the circuit courts of the several counties, or the judges thereof in vacation, shall require the said sheriffs before proceeding to collect or receive said moneys to execute an additional bond with approved security, in a penalty equal to double the amount of such money as may come to their hands respectively in any one year."

The general views of the court below in reference to the true interpretation of this act taken in connection with the act of March 2, 1870, are in my judgment so sound, that I adopt them ; and they so far exhaust the subject, that I shall deem it necessary to add but little to what he has said on this point. These views are thus given in the words of the acting judge :

" On March 2, 1870, by chapter 83, page 91 of Acts of that year, the sheriff was required to collect all State

county, township, school, road and other taxes assessed
in the county, save only taxes for municipal purposes;
and in discharge of his duties under said act he and his
securities in his official bond should be subject to the
same penalties, liabilities, motions and remedies, which
he then or thereafter should be subjected to in ·relation
to State-taxes; and this act abolished the office of town-
ship-treasurer. The next act in relation thereto was the
act of the 27th of February, 1871, page 177, which only
devolved upon the sheriff the collection of taxes not col-
lected by the township-treasurer and rendered him and
his sureties liable therefor.

"The next act passed upon this subject was the 28th
of February, 1872, pages 279, 280, which contains one
short section : ' That the. sheriff of every county shall do
and perform all the duties, and be subject to the same
pains, penalties and liabilities as the former township-
treasurers, and all moneys heretofore required to be paid
to said treasurers shall be paid to said sheriffs, and all
moneys heretofore paid to any sheriff is hereby legalized.
And the circuit courts of the several counties, or the
judges thereof in vacation, shall require said sheriffs be-
fore proceeding to collect or receive said moneys to exe-·
cute an additional bond, with approved security, in a
penalty equal to double the amount of such money as
may come into his hands in any one year.' The acts
just referred to of 1870, of 1871 and of 1872 embrace all
the laws devolving upon the sheriff the duty of collect-
ing and accounting for the school-taxes prior to the 25th
of October, 1872, when the bond involved in this suit
was executed, and from them and the Constitution of .
1872 must be determined, what responsibility devolved
upon the sheriff's sureties as to the collection and ac-
counting for school-taxes. These acts seem not to have
been drawn by skillful hands nor to have been well con-
sidered before being passed. They are three separate
and independent acts, and although upon the same sub-
ject, no one of them makes reference to the others, and

1880
Special Term.

State for use
of Boards of Ed-
ucation of
Volcano District
v.
Hill *et al.*

there is no repealing clause except in the first act of March 2, 1870, which repeals all act and parts of acts inconsistent with that act; and how the subsequent acts effected the prior acts can only be determined by a reference to them.

"The act of March 2, 1870, the first act on the subject contains this provision : 'And in the discharge of his duties (meaning the sheriff's) under this act, he and his sureties in his official bond, his and their legal representatives shall be subject to the same penalties, liabilities, motions and remedies, which he or they now are or hereafter shall be subject to in relation to state-taxes.' This provision seems to be intended to affect the securities of sheriffs in bonds, which had been executed, or which might thereafter be executed, unless repealed or modified by the subsequent acts of February 27, 1871, and February 28, 1872, and was in force on the 25th of October, 1872, the time of the execution of the sheriff's bond in this case. The act of 1871 clearly does not repeal the clause of the act of 1870 just referred to. Nor does the said act of 1872, unless it is done by the last clause of it in these words : 'And the circuit court of the several counties, or the judges thereof in vacation, shall require the said sheriffs before proceeding to collect or receive said moneys to execute an additional bond with approved security in a penalty equal to double the amount of such money as may come into their hands respectively in any one year.'

"This clause does not in express terms modify or repeal the provisions of the act of 1870 before referred to ; that in discharge of his duties under this act he and his securities in his official bond, his and their legal representatives, shall be subject to the same penalties, liabilities, motions and remedies, which he and they now are, or hereafter shall be subject to in relation to State-taxes. Does it have that effect by implication ? May not the clause of each referred to stand consistent the one with the other ? If so did not the law, which devolved upon

the sheriff the duty of collecting the school-moneys, render his securities liable for their proper disbursements? The law at the date of said bond clearly devolved upon the sheriff the duty of collecting the school-moneys, but as to the responsibility of the securities I have had more trouble in arriving at a satisfactory conclusion. I have examined with care the authorities bearing on the question cited by the counsel on both sides. But for the act of February 28, 1872, there would be no doubt upon the subject. The construction of it, asked on the part of the securities, is, that said words, 'and the circuit court of the several counties, or the judges thereof in vacation, shall require said sheriffs before proceeding to collect or receive said moneys to execute an additional bond, with approved security in a penalty equal to double the amount of such moneys as may come into their hands respectively in any one year,' prohibit the sheriff from collecting school-taxes or receiving money before executing the additional bond. It makes no provision in case he fails to give the bond, to force him to do so, or provide other means of collecting the tax or receiving the money. It can hardly be supposed, that the Legislature intended, that if the additional bond was not given, the taxes were not to be collected and the schools to close. If the Legislature intended, that the taxes were not to be collected, until the bond was given, it would have used more appropriate words in declaring its intention. The act of 1870 clearly devolved the duty of collecting those taxes on the sheriff and looked alone to his general bond for the responsibility of faithfully accounting for the same. In fact it is plainly so expressed ; and it is difficult to determine the object in passing the act of February 28, 1872, unless it might be apprehended, that the penalty of the sheriff's bond might not be sufficient to cover the other responsibilities of the sheriff and the school taxes in addition, and therefore it was necessary to require *an additional bond,* not a special bond for the school-taxes.

1880
Special Term.

State for use of Board of Education of Volcano District v.. Hill *et al.*

1880
Special Term.

State for use
of Boaod of Ed-
ucation of
Volcano District
v.
Hill *et al.*

"This act of February 28, 1872, did not state even what the condition of the bond should be. It only required the penalty of the additional bond to be double the amount of such money as may come into their hands in any one year. The word 'additional' would not probably be used, if it was intended, it should be an independent bond to account only for the school-taxes and to be the only security for their being accounted for. If such had been the intention, it is to be presumed that words more appropriate would have been used. I think the legal construction of the act of 1872 should be, that the additional bond was intended to give additional security for the moneys mentioned in the act, and was merely cumulative.

"The construction, that I give to the acts of 1870 and 1872, would seem to bring this case within the rule laid down in the case of the *State* v. *Bradshaw*, 10 Ired. 229, which declares that ' when a statute requires a bond from an officer for the faithful discharge of his duty, and a new duty is attached to the office by statute, such bond given subsequently to the latter statute embraces the new duty and is a security for its performance, unless when the new duty is attached, a bond is required to be given specifically for its performance.'

"In this case the duty was devolved by the act of 1870, in which a bond is not required to be given specifically for its performance, and the act of 1872 does not destroy or annul the force of the act of 1870 in this respect, as has been shown, nor devolves upon the sheriff any new duty, which was not embraced in the act of 1870, and therefore it does not conflict with the principles laid down in this case in 10 Ired. 229. Nor is it necessary to decide, whether under the Constitution of 1872, article IX, section 5, which provides, that the Legislature may require county-officers to give bond for the faithful discharge of the duties of their offices, that any bond other than the general bond may be required, and

1880
Special Term.

State for use
of Board ef Ed-
ucation of
Volcano District
v.
Hill *et al.*

whether after the bond is given their power over the subject is or is not exhausted."

These views after careful consideration and after an examination of all the authorities referred to by counsel I approve. I endorse them all, except that perhaps the additional bond required by this act may not have been intended as simply additional security to be given by the sheriff, but may perhaps have been intended as a special bond to cover the collection of the school-tax. Upon this point I express no opinion, as it is unnecessary to do so in this case, the only important matter in this case being that this act of 1872 did not forbid the collection of the school-tax till the additional bond should be given by the sheriff.

I would simply add one other consideration, which I think fortifies me in these conclusions. The Code of West Virginia provided, ch. 13, § 8, p. 91, that unless otherwise provided, all statutes should be in force from their passage. The act therefore of February 28, 1872, was in force from the day of its passage. If by it the Legislature had intended to forbid the sheriffs from that day to collect any school-taxes, till they had given the additional bond referred to in this act, it seems to me, they certainly would have provided, that this act should not go into force for sometime after its passage. When officers, who had theretofore been collecting the school-tax were by the Legislature intended to be forbidden to continue the collection thereof, time was given, before such law went into effect. When the Legislature stopped the collection of the school-tax by township-treasurers by the the act of March 2, 1870, it very properly provided, that the act should not go into effect for six months; and if by the act of February 28, 1872, they had intended to forbid the sheriffs to collect the school-tax, till they had given an additional bond, they would have made the law operative after six months and not forthwith. For if this act did thus immediately stop the sheriffs in the collection of the school-tax, and rendered it illegal for

1880
Special Term.

State for use
of Board of Ed-
ucation of
Volcano District
v.
Hill *et al.*

the tax-payers to pay this tax to their sheriffs, it would have operated most unjustly on many of them, as for months after the passage of the act they would have been ignorant of its passage, and would have continued to pay their school-taxes to the sheriffs. And yet by this law they might be required to pay these taxes again, as paid to one not entitled to receive them. I do not think such a construction can reasonably be given this act.

Finally, it is claimed by the counsel for the defendants in error that the Legislature by the 46th section of ch. 123 of Acts of 1872–3, p. 414, passed April 12, 1873, did require of the sheriff a special bond before he should collect any school-taxes after that act went into effect; and that if such special bond was given, the sureties in it are alone responsible for the collection and disbursement of the school-tax collected thereafter, and if this special bond was not given then, that after this act of 1873 went into effect, the sheriff had · no right to collect these school-taxes. It was not his duty to do so, and therefore his sureties for the faithful performance of his duties can not be responsible. The section of the act referred to is in these words : "The sheriff or collector of the county shall collect and disburse all school-money for the several districts and independent districts therein, both that levied by said districts and that distributed thereto by the State. He shall be required by the county court to give therefor, in addition to his bond as collector of the State and county-taxes, a special bond, with approved security, in a penalty equal to double the amount, which will ·probably come into his hands for school-money, which bond it shall be the duty of the said court to change from year to year, as the increase of the amount to be collected and disbursed by said sheriff or collector may require." Under our Constitution, article VI, sec. 30, p. 17, this act took effect from its passage. It resembles much the act of February 28, 1872. One change made in this act was that the additional bond, which was to be required of the sheriff for the

·collection of school-taxes, was to be required and ap-
proved by the county instead of the circuit court. It
seems to me clear for the reasons which have been as-
signed in discussing the meaning of the act of February
28, 1872, that this act did not require the sheriff then in
office to give this additional bond or special bond before
the county court, before he could proceed to the collec-
tion of the school-taxes; and that, though the county
court should neglect to require the giving of such spe-
cial or additional bond of such sheriff, or such sheriff
should refuse to give it, he could still proceed with the
collection of the school-tax, as he could and should have
done before the passage of the act, under said act of
1870; and that therefore his sureties in his general offi-
cial bond are responsible for the school-taxes collected
and not disbursed, if such sheriff has failed to give such
additional or special bond.

The record in this cause does not show, that such ad-
ditional or special bond was ever given by the sheriff;
and therefore his sureties in his official bond given be-
fore the passage of the act of 1873 are responsible for
the collection and proper disbursement by this sheriff of
the school-taxes collected since. It is unnecessary to
determine what effect this law might have on the respon-
siblities of the sureties in a general official bond given
by a sheriff after the passage of this act of 1873, or
what effect the giving by a sheriff of this special or ad-
ditional bond would have under this act or the act of
1872, on the responsibilities of the sureties in his gen-
eral official bond. These questions do not arise in this
case. This law is unskillfully drawn and difficult of in-
terpretation ; and I intend to express no views of its
meaning or effect, except so far as is necessary to the
determination of the case presented by this record.

The counsel for the defendants in error rely on the
bond referred to in the act of 1873, which the county
court is required to take, being called a special bond and
on its being said to be in addition to his bond as collec-

1880
Special Term.

State for use
of Board of Ed-
ucation of
Volcano District
v.
Hill et al,

1880
Special Term.

State for use
of Board of Ed-
ucation of
Volcano District
v.
Hill et al.

tor of the *State and county taxes*, as showing that this statute did not mean, that additional security was to be required by the county court; and that in these respects this act perhaps differs from the act of February 28, 1872. This position may or may not be sound. I do not deem it neces: ary to determine whether it be sound or not. It would be necessary to determine this question, if the bond, which the court was directed to require, had been given ; but as it has not been given, it is unimportant what was the real nature of this bond, which ought to have been required by the court. For, as we have seen, the sheriff had a right under the act of 1870 to continue to collect the school-tax, though he had never given or been required to give such additional or special bond, and it being his duty to do so, though the additional or special bond was not given, no matter what may be its real character, his securities in his general official bond for the performance of all his duties must be responsible for his collection of this school-tax and the paying of it over when no special bond has been given, whatever might be their responsibilities, if the collection was made after this additional or special bond was given.

It is a mistake of counsel to say, that either this additional bond of the act of 1872 or this special bond of the act of 1873 was required to be given *before* proceeding to collect. Such is not the language of either of these statutes ; and, for the reasons we have given, such is not in our opinion the meaning of either of these statutes. If the counsel was right in thus assuming, that this additional or special bond was required to be given, before the sheriff could proceed to collect this school-tax, then would the authorities he refers to, such as *Anderson, &c.,* v. *Thompson,* 10 Barb. 134, 135, and *The Board of Supervisors* v. *Ehlers et al.,* 45 Wis. be in point. But according to our understanding of the true meaning of these acts they did not prohibit the sheriff from performing the duties, which the law then required of him, the

1880
Special Term.

State for use
of Board of Ed-
ucation of
Volcano District
v
Hill *et al.*

collection of this school-tax, until and unless he gave this additional or special bond; and therefore these authorities are inapplicable.

The views I have expressed are of course based on the idea, that neither the act of 1872 nor that of 1873 imposed on the sheriffs a new duty; but that the duty of collecting the school-taxes was imposed on the sheriff by the act of 1870, and it has ever since remained his duty to collect these taxes, whether he gave or did not give an additional or special bond.   This duty of collecting the school-tax was imposed on the sheriffs in express terms by the first section of the act of March 2, 1870; and this act has been ever since and still is in force.   The abolition of the corporations known as townships by the Constitution of 1872 in no manner affects this first section. So the fact, that the districts spoken of in section 46 of chapter 123 of Acts of 1872-3, page 414, were corporations created since the bond sued on in this case was executed, is immaterial, as independently of this last act the act of March 2, 1870, expressly authorized the sheriffs to collect all school-taxes assessed in their counties; and this act, as we have shown, has ever been, since it first went into effect, and still is, the law of this State unrepealed by any subsequent act.

I am therefore of opinion, that the sureties of W. J. Hill, sheriff of Wood county, in the bond sued on were responsible for his faithful collection and accounting for the school-taxes for the year 1876, and that therefore the judgment of the circuit court of Wood county of March 29, 1879, should be affirmed; and that the defendant in error should recover of the plaintiffs in error their costs in this Court expended and damages according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.