# CHARLESTON.

BOARD OF EDUCATION OF GLADE DIST. *v.* RADER *et al.*

Submitted January 27, 1896—Decided April 11, 1896.

SHERIFFS—BOND—SCHOOL MONEY.

It was the duty of the county court, under section 46, chapter 77, Acts 1877, to require the sheriff elect, in 1880, before entering upon the discharge of the duties of his office, to give, in addition to his bond as collector of the state and county taxes, a special bond, with approved security, in a penalty equal to double the amount of school money which might probably come into his hands for school purposes during his term of office, and such special bond was for the purpose of completely securing the school funds; and the sureties on the former general bond can not be held liable for any default committed by such sheriff under such special school bond.

W. E. HAYMOND for plaintiffs in error, cited 17 W. Va. 452, 469.

DULIN & HALL and E. H. MORTON for defendant in error. DULIN & HALL cited 22 W. Va. 308, 314; 34 W. Va. 791; 17 W. Va. 471; 12 W. Va. 688, 694; 9 Leigh, 347; 6 Gratt. 673; Schouler, Dom. Rel. (4th Ed.) § 367; 61 Ind. 268; 3 Cush. 465; 36 Pa. St. 442; 2 W. Va. 187, 306; 9 W. Va. 474; 22 W. Va. 254; 24 W. Va. 2; 12 W. Va. 526; 3 Am. & Eng. Enc. Law, 816, 817; 1 Bart. Law Pr. (2nd Ed.) 490; 1 Greenl. Ev. (15th Ed.) §§ 91, 484, 485; 18 Gratt. 624; 38 W. Va. 456, 645, 736; 2 Am. & Eng. Enc. Law, 466 h; 28 W. Va. 758, 766; 15 Gratt. 381; 34 W. Va. 244; 35 W. Va. 52; Acts 1870, c. 83, s. 1; Acts 1872-3, c. 123, s. 46; Code,

c. 10, ss. 5, 14, 16, 18; Code, c. 45, s. 46; Code, c. 129, s. 10; Code, c. 130, ss. 5, 43.

DENT, JUDGE:

On the 7th day of May, 1894, the board of education of Glade district, of the county of Webster, obtained a judgment in the Circuit Court of Braxton county on the general bond of H. W. Rader, former sheriff, against him and his sureties, for the sum of one thousand seven hundred and five dollars and seventy four cents, due on the teachers' fund, and two thousand one hundred seventy four dollars and sixteen cents, due on the building fund.

The first error assigned on the writ of error obtained to this Court is as follows, to wit: "*First.* The court erred in overruling the motion of petitioners to quash notice, because this proceeding is upon the general bond of said Rader as sheriff; no proceeding having been had on the special school bond required by law to be given, and no excuse given or averred for not so proceeding upon such special bond."

This at once presents the question mooted, but not decided, in the case of *State* v. *Hill*, 17 W. Va. 452, as to whether, as the law was at the time of the execution of the bond now in controversy, the sureties on the general bond of the sheriff would be liable for school taxes collected under and by virtue of his special bond given to secure such school taxes.

The sheriff was elected October 12, 1880, and his term of office began January 1, 1881, and on the 1st day of November, 1880, he gave his general bond as such sheriff, in the penalty of twenty thousand dollars. The law governing the case is section 46, chapter 77, Acts 1877, and is in these words, to wit: "The sheriff or collector of the county shall receive, collect and disburse all school moneys for the several districts and independent districts therein, both that levied by said districts and that distributed thereto by the state. He shall be required by the county court to give in addition to his bond as collector of the state and county taxes a special bond with approved security in a penalty equal to double the amount of school money which will

probably come into his hands for school purposes during his term of office which shall be made payable to the state of West Virginia with one or more sureties deemed sufficient by such court, and an order stating such proof or acknowledgment shall be entered of record by such court." And further on in said section it is provided, "If he fail to account for and pay over, as required by law, any money which may come to his hands, or for which he is liable, judgment may be recovered therefor against him and his securities, with interest and ten per cent damages." In the case of *State* v. *Hill*, above referred to, Judge Green says: "It is a mistake of counsel to say that either this additional bond of the act of 1872, or this special bond of the act of 1873, was required to be given before proceeding to collect. Such is not the language of either of these statutes, and, for the reasons we have given, such is not, in our opinion, the meaning of either of these statutes. If the counsel was right in assuming this additional or special bond was required to be given before the sheriff could proceed to collect this school tax, then would the authorities he refers to, such as *Anderson* v. *Thompson*, 10 Bush, 134, 135, and *Board* v. *Ehlers*, 45 Wis. 281, be in point. But, according to our understanding of the true meaning of these acts, they did not prohibit the sheriff from performing the duties which the law then required of him—the collection of this school tax—until and unless he gave his additional or special bond, and therefore these authorities are inapplicable." In other words, the court held the sheriff being in office, and under bond for the collection of school taxes, at the time of the passage of the acts of 1872 and 1873, requiring the special bond for the collection of such taxes, that, in case he proceeded and did collect the school taxes without executing a special bond, his sureties on his original bond would be liable for such school taxes, in event of his default, for the reason that these acts did not require him to execute the special bond before collecting such school taxes; and, if it had done so, their conclusions would have been otherwise. It was the retroactive effect of the enactments that the court was considering on the sheriffs then in office and under bond, in case such

sheriffs did not execute such additional bond. But in the case under consideration it was the duty of the county court to require a special bond covering the school taxes, and in double the amount thereof, in addition to his bond as collector of state and county taxes, from the sheriff, before he could proceed to collect such school taxes; thus evincing a plain intention on the part of the legislature to limit the sheriff's general bond to the state and county taxes, and to require him to furnish an entirely different and special bond to cover the school taxes, so as to preserve, as far as possible, a complete separation between the general funds and the school funds, and provide a special security for the latter, that they might be secured for the purposes for which they were levied, and protected from loss in case of failure of the general bond. This was a wise provision, which those who signed the general bond were fully aware of at the time they executed it, and recognized that their liability would be limited to the state and county taxes, as the sheriff was required to give a special bond to cover the school taxes. The law, as it then stood, is a part of their contract, and must be construed therewith, and their liability must be limited accordingly. It must be presumed that the county court discharged its duty, and required the special bond to to be given. And, if so, why sue on the general bond? Is it to relieve the sureties on the special bond, and thus permit them to avoid their legal undertaking and obligation? The county court can not change the law by failure to discharge its duty. And there can be no other conclusion, from the plain reading of the law, than that it was intended, in making the sheriff collector of school taxes, not to increase his liability, or the penalty of his general bond, but require him, in addition to giving such bond, to give a special bond sufficient to cover the school funds. These two bonds were required to be given at the same time, and by the same court, or at least before the sheriff could enter upon the discharge of the functions of his office covered by them, respectively. So that the sureties on his general bond are no more liable for his default under his special bond than the sureties on the latter would be liable for his default under the former.

If the sheriff failed to give those bonds, or either of them, his office could be declared vacant; and, if he acted in his office before giving them, he was subject to a heavy penalty.   Code, c. 10, ss. 7, 9, 10.

We conclude, therefore, that the sureties on the general bond are not liable for his default properly coming under his special bond.   This conclusion is in harmony with the case of *State* v. *Hill et al.*, cited, and in accord with *Anderson* v. *Thompson*, 10 Bush, 132, and *Board* v. *Ehlers*, 45 Wis. 281.   In the latter case it is said: "The general rule is that where an officer is required to perform a duty, special in its nature, and to give a special bond for its faithful performance, no liability therefor attaches to his general bondsmen, in the absence of any declaration that they shall also be liable."   Not only is such declaration wanting in this case, but, explicitly, the general bond is limited to the state and county taxes; and the special bond, to the school taxes. The sureties are entitled to have their contracts construed in accordance with their legal undertakings, strictly. · *State* v. *Enslow* (decided at this term) 41 W. Va. 744 (24 S. E. 679); *Poling* v. *Maddox* 41 W. Va. 779 (24 S. E. 999).

The judgment is reversed, the motion to quash sustained, and the case dismissed.