# CHARLESTON.

STATE *v.* POLING *el al.*

Submitted January 15, 1898.—Decided Febuary 10, 1898.

1. SHERIFFS—*Sheriff's Bond—Liability on Bond.*
      The general bond of a sheriff is liable for all state and county taxes levied for any purpose by state and county authorities. (p. 313). .
2. SHERIFFS—*Sheriff's Bond—School Monies.*
      The additional bond required of the sheriff under section 46, chapter 45, Code, covers all school funds which may be collected by him, or come to his hands to be disbursed for school purposes, including district levies and the distributive share of the general fund. (p. 314).

Error to Circuit Court, Kanawha County.

Suit by the State against James M. Poling and others on an official bond. Defendants had judgment in part, and plaintiff brings error.

*Modified.*

FLOURNOY, PRICE & SMITH, for the State.

WARREN MILLER and CHAS. E. HOGG, for defendants in error.

DENT, JUDGE :

The State of West Virginia instituted a suit in the circuit court of Kanawha county on the general bond of James M. Poling, sheriff of Jackson county, to recover the sum of three hundred and twenty-seven dollars and sixty-six cents, with twelve per cent, interest thereon, state taxes for general purposes, and three thousand two hundred and thirty-four dollars and nine cents state taxes for school purposes. The defendants admitted the right of recovery of the amount for general purposes, but resisted the right of recovery on the bond sued on for the school taxes. The circuit court, on a hearing of the case, sustained the contention of the defendants, and the State obtained this writ of error.

The question, then, involved is whether the legislature, in requiring the sheriff to give an additional bond to cover the funds for school purposes that might come into his hands, intended thereby to relieve his general bond from liability as to the state school levies. It seems that the very statement of the proposition is an answer to it. The sheriff's general bond covers all his liabilities not included in his special bond. *Board* v. *Rader*, 42 W. Va., 178, (24 S. E. 680.) That portion of section 46, chapter 45, which requires such special bond, is as follows: "The sheriff or collector of the county shall receive, collect and disburse all school monies for the several districts and independent districts therein, both that levied by said districts and that distributed thereto by the state. He shall be required by the county court to give in addition to his bond as collector of the state and county taxes, a special

bond with approved security, in a penalty equal to double the amount of school money which will probably come to his hands for school purposes during any one year of his term of office.   * * *"   It is plain from the reading of this section that the sheriff's special bond was only intended to cover such funds as came to his hand to be disbursed by him for school purposes, including only the district levies and the state distribution, and not state taxes, whether levied for school or general purposes.   The word "taxes" is oftentimes used interchangeably for "tax levies," and is so used in this section, and thereby includes all taxes levied by state authority, it matters not for what purpose. With the use, purpose, and disbursement of such taxes the sheriff has nothing to do, and they or no part thereof may never come into his hands for school purposes, but may go to his successor in office, or to some less favored portion of the state.   They are, strictly speaking, state taxes, determined, fixed, and levied by state authority, notwithstanding they are levied and may be used for general school purposes.   The circuit court therefore erred in sustaining the defendants' demurrer as to the sum of three thousand two hundred and thirty-four dollars and nine cents, state school taxes; and to this extent the judgment will be reversed and amended, and in all other respects affirmed, with costs to the plaintiff in error.

*Reversed.*