# CHARLESTON.

State *v.* O. A. Sparks *et als.*

(No. 6693)

Submitted September 16, 1930.   Decided September 23, 1930.

*D. D. Moran,* for appellee.
*Bailey & Shannon,* for appellant.

HATCHER, JUDGE:

This appeal involves the right to recover of the sureties of an assessor on his general official bond of $3,500.00, a portion of a shortage of about $8,000.00 in the state and road capitation taxes collected by him. He had not given the additional bond required by section 53, chapter 29, Code, as collector of that tax. The lower court held against recovery.

The scope of the assessor's general bond was definitely established by the Acts of 1881, chapter 4, section 6; "And the liability of the said officer, and his securities under said bond shall extend * * * to all moneys received by him, by virtue of his office under the laws in force at the time of the execution thereof", etc. There has been no change in this enactment, and it appears in the Code of 1923 in chapter 10, section 6. The duty of collecting the capitation taxes was placed on the assessor by the Acts of 1904, chapter 4, section 53. That statute was in force when the general bond in this

case was executed, and the capitation taxes were received by the assessor by virtue of his office. It would therefore seem obvious that the liability under the general bond extended to the capitation taxes. But counsel for the sureties take the position that the collection of the capitation taxes is a special duty, to safeguard which, the assessor is required to give a special bond, and that a shortage in these collections does not call for compensation under his general bond, citing *Board, etc., v. Rader*, 42 W. Va. 178.

The statute under consideration in that case was section 46, chapter 77, Acts of 1877, requiring the sheriff to give a bond as collector of the school monies which bond was therein denominated a ''special bond''. That decision was to some extent influenced by that of *Board* v. *Ehlers*, 45 Wis. 281, from which was quoted a general rule to the effect that when a special bond is required of an officer in the performance of a special duty, no liability attaches to his general bondsmen, unless their liability is expressly declared. The *Rader* case then proceeded: ''Not only is such declaration wanting in this case, but, explicitly, the general bond is limited to the state and county taxes; and the special bond, to the school taxes.'' The bond required in relation to the capitation tax is limited to that tax; but there the similarity between the *Rader* case and this one ends. Here the capitation tax bond is not designated by the statute as ''a special bond'', but as one ''in addition to the other bonds required'' of the assessor; and here his general bond is not limited to specific collections but extends to ''all money'' which may lawfully come into his hands as an officer. An examination of the *Wisconsin* case and of the decisions upon which the general rule is founded, discloses equally marked differences between the statutory words under consideration in those cases and the language in the statutes here. Proper statutory construction depends upon the precise words employed. The word ''special'' is the antonym of the word ''general''. Consequently, the word ''special'' in describing a bond may properly be construed to set such bond apart from a general bond. But that word is not used in characterizing the capitation tax bond. The

language there—"in addition to"—does not in any way specialize or set that bond apart; but on the contrary, yokes it with the general bond. No legislative intention whatsoever to release the general bondsmen is apparent in requiring *additional* security. Therefore, we must hold that under the positive phraseology of the statute, the obligation of the sureties on the general bond extends to the capitation collections.

The judgment of the lower court is accordingly reversed and the case remanded.

*Reversed and remanded.*