# CHARLESTON.

STATE TO USE OF BLAKE v. ENSLOW et al.

Submitted January 18, 1896.—Decided March 25, 1896.

PAYMENT OF MONEY INTO COURT—CLERK OF COURT—SURETIES'
LIABILITY.

The payment of money to the clerk in vacation is not equivalent to the payment of money into court, and, if the clerk fails to return such money into court, the sureties on his official bond can not be held responsible for its loss.

CAMPBELL & HOLT for plaintiff in error, cited Code, c. 10, ss. 6, 14; Code, c. 52, s. 14; Code, c. 42, ss. 18, 20; Code, c. 133, s. 15; 41 Fed. Rep. 338; 1 Call, 416.

SIMMS & ENSLOW for defendants in error, cited Code, c. 133, s. 15; Murfree, Off. Bonds, §§ 710, 723, 724; 23 Ala. 808; 2 Bailey (S. C.) 28; 8 Port. (Ala.) 293; 3 Yeats (Pa.) 321; 1 Swann (Tenn.) 92.

DENT, JUDGE:

This is a writ of error of Cappie B. Blake to a judgment of the Circuit Court of Cabell county in a certain action therein pending, wherein she was plaintiff and F. B. Enslow et al. were defendants. The facts adopted from the petition are as follows, to wit: On the 8th day of July, 1892, the Ohio River Railroad Company, which was incorporated for a work of internal improvement, desiring to appropriate certain gravel from the lands of Cappie B. Blake, as provided by section 14 of chapter 52 of the Code, secured the appointment of commissioners as therein provided, who, after viewing the premises, returned their report, fixing the just compensation to said Cappie B. Blake for said gravel at nine hundred and fifty dollars. This report was filed in the clerk's office of the circuit court aforesaid on the 22d day of July, 1892; and thereupon the Ohio River Railroad Company paid into the hands of B. C. Wilson, clerk, the aforesaid sum of nine hundred and fifty dollars, and enter-

ed upon the land and commenced the removal of said gravel.

Cappie B. Blake filed exceptions to said report, on the grounds of the inadequacy of the compensation, and demanded that such compensation be ascertained by a jury of freeholders, as provided by chapter 42 of the Code. Such trial was subsequently had, resulting in a large increase of the compensation; and a judgment was rendered against said applicant for the excess over the sum awarded by said commissioners, and the clerk was ordered to pay the sum of nine hundred and fifty dollars (less one hundred dollars before that time paid out) to Cappie B. Blake. The clerk failed to pay the sum, or any part of it, and died insolvent. Thereupon debt was brought upon his bond, to recover the same; and the court below ruled that the bond of the clerk was not liable for the payment thereof, and rendered judgment in favor of the defendants.

The only question presented by the record is whether the sureties on the clerk's official bond are liable for his default in the payment of this money.

The condition of the bond is that he will "account for and pay over, as required by law, all money which may come to his hands by virtue of said office." This means, of course, such money as may be legally paid to him as such clerk, or which the law authorizes him to receive in his official capacity. The statute under consideration authorized the railroad company to pay the compensation, when determined, either to the owner of the land, Cappie B. Blake, or to the circuit court. The preference is given to the landowner, and, if she refused to receive it, then the company could adopt the other alternative, and pay into court. The court not being in session, and the landowner refusing to receive the compensation, the company deposited it with the clerk, to await the pleasure of the court. There is no evidence that the money ever was in court, or subject to its disposal. It is true, the court afterwards made two orders on the supposition that the money was under its control. The clerk wrote these orders, and it is altogether probable that he had already disposed of the money, as it is certainly evident, as the court afterwards learned,

that it was not then, and presumptively at least, never had been under its control. For the purposes of this action, Mrs. Blake and the railroad company must be deemed as one. It is an established rule of equity that, when one of two equally innocent persons must suffer for the misconduct of a third person, the one who was proximately the cause, or placed it in the power of the third person to do the wrongful act, must be the loser, and sustain the loss alone. The sureties, when they executed the bond, covenanted to be responsible for any moneys that might, in accordance with law, come to the hands of the clerk as such, but not for any moneys that any one might see fit to pay him, or deposit in his hands, on the supposition that he had the legal right to receive them.

Every one is presumed to know the law. Hence it must be presumed that the company, in depositing the money in the clerk's hands, and Mrs. Blake, in allowing the money to remain in his hands for so long a time without objection, when she might have had it herself, were fully informed as to the law, and that their conduct was controlled by their personal trust and confidence in the personal integrity of the clerk, and not from reliance on his official bondsmen. There was no order of the court showing that it had received the money and placed it under the control of the clerk, and therefore his official bondsmen, if aware of his having the fund, had the right to presume that he was holding it on his individual responsibility, with the consent of the depositor, the railroad company, and with the consent of Mrs. Blake, for whom the deposit was made. Persons are always presumed, in absence of evidence to the contrary, to know their legal rights and responsibilities.

Nor does the failure of the court to make any order on the subject change the responsibility. Courts seldom act in such matters on their own motion, and when the parties in interest do not complain, they presume them to be satisfied. The court's attention was not called to the condition of the funds in the hands of the clerk, and there was nothing to show that the litigants were not perfectly satisfied.

Section 2 of chapter 126 of the Code, wherein it directs, "the defendant may pay into court to the clerk," is rather

against, instead of favorable to, the plaintiff''s contention, otherwise it would not have been necessary to use the word "clerk"; and that precludes the idea that when the law requires money to be paid into court, it can be paid to the clerk without the court's order. A decision decisive of this case, so far as this state is concerned, is that of *Stewart* v. *Madison,* 1 Call, 416. This is the customary holding of the courts of other states. *Mazyck* v. *McEwen,* 2 Bailey, 28; *Niolon* v. *Drakeford,* Id.; *Keith* v. *Smith,* 1 Swan, 92; *Currie* v. *Thomas,* 8. Port. (Ala.) 293; *Jenkins* v. *Lemonds,* 29 Ind. 294; *In re Finks,* 41 Fed. 383. The latter is a case where money had been paid to a clerk under an order of court directing it. There is no case that holds that money paid to the clerk in vacation, or without an order of the court, is payment into court.

The judgment is therefore affirmed.