## CHARLESTON.

### BLAKE *v.* OHIO RIVER RAILROAD CO.

### Submitted January 17, 1900—Decided March 24, 1900.

1. JUDGMENT—*Evidence—Estoppel.*
    A judgment is conclusive by way of estoppel as to facts without the existence and proof or admisssion of which the judgment could not have been rendered. (p. 527).

2. QUESTIONS—*Assumed—Res Judicata.*
    A proposition assumed or decided by the court to be true, and which must be so assumed or decided in order to establish another proposition which expresses the conclusion of the court, is as effectually passed upon and settled in that court as the very matter directly decided. (p. 526).

3. COMPENSATION—*Verdict—Judgment—Estoppel.*
    The O. R. R. Co. instituted proceedings under section 14, chapter 52, Code, for condemnation of gravel, stone, etc., the property of B. Commissioners reported nine hundred and fifty dollars as just compensation, etc. Applicant paid same to the clerk of the court in vacation. B. excepted to the report on ground of inadequacy of compensation, and demand-

ed a jury, which was impanneled, and rendered a verdict for two thousand, five hundred dollars. Judgment was rendered in favor of B. for "the sum of one thousand, five hundred and fifty dollars, being the amount of two thousand, five hundred dollars aforesaid, less the nine hundred and fifty dollars heretofore paid into court by said railroad company," etc., to which judgment the O. R. R. Co. obtained a writ of error to the supreme court, and the judgment was affirmed. The clerk, without paying over the nine hundred and fifty dollars, died insolvent. B. brought her action of *assumpsit* against the O. R. R. Co. for the nine hundred and fifty dollars. *Held*, that B.'s judgment was *res adjudicata* as to the fact of the pay· ment of the nine hundred and fifty dollars into court, and B. is estopped from prosecuting a claim for the same against the O. R. R. Co.  (p. 525).

Error to Circuit Court, Cabell County.

Action by Cappie B. Blake against the Ohio River Railroad Company. Judgment for plaintiff, and defendant brings error.

*Reversed.*

VINSON & THOMPSON, for plaintiff in error.

CAMPBELL, HOLT & CAMPBELL, for defendant in error.

MCWHORTER, PRESIDENT :

On the 8th day of July, 1892, the Ohio River Railroad Company, under the provisions of chapter 52, Code, after notice to the owner, Cappie B. Blake, made application to Justice T. W. Taylor, of Cabell County, to appoint commissioners to ascertain what would be a just compensation to be paid said Blake for certain gravel and dirt proposed by it to be taken for use in the construction and maintenance of its road, etc. Commissioners were appointed, and qualified, and reported Blake's damages or compensation at nine hundred and fifty dollars, which report was filed in the clerk's office of the circuit court of said county. Blake excepted to the report for inadequacy of compensation, and demanded a trial by jury to ascertain the compensation. Applicant paid the said sum of nine hundred and fifty dollars to the clerk of the said circuit court in vacation, and took possession of the property and removed the gravel. The matter was tried before a jury in said court, and the jury returned a verdict for Blake for two

thousand nine hundred and thirty-three dollars damages. Applicant moved to set aside the verdict as excessive, and the court put the owner to an election to remit four hundred and thirty-three dollars of the verdict, or to have the verdict set aside and a new trial awarded. She elected to accept two thousand five hundred dollars in lieu of the verdict, and the court overruled the motion to set aside the verdict and grant a new trial, and rendered judgment as follows: "It is therefore considered by the court that the said Ohio River Railroad Company do pay to the said Cappie B. Blake the sum of one thousand five hundred and fifty dollars, being the amount of two thousand five hundred dollars aforesaid, less the nine hundred and fifty dollars heretofore paid into court by said railroad company, with interest thereon till paid, and the costs of this proceeding, both before the justice and in this court. It is further considered by the court that, till the one thousand five hundred and fifty dollars aforesaid shall have been paid, the said railroad company shall have no right or authority to enter upon said premises described in the proceeding, or to remove therefrom any earth or gravel. It is further considered that, when the said sum shall have been paid, the said company may enter upon said premises so described, and remove the earth and gravel therefrom, to the extent fixed in the verdict, and no more. It is further ordered that the clerk of this court pay to said Blake the said nine hundred and fifty dollars heretofore paid into his hands by the applicant, less the one hundred dollars paid by her consent to her tenant." Applicant paid the one thousand five hundred and fifty dollars. The clerk failed to pay over the money, or any part of it, and died insolvent. The State, at the relation of Blake, brought an action of debt on the clerk's official bond to recover the same against his sureties thereon. The court held (and was affirmed by this Court) that "the payment of money to the clerk in vacation is not equivalent to the payment of money into court, and, if the clerk fails to return such money into court, the sureties on his official bond cannot be held responsible for its loss." *State* v. *Enslow*, 41 W. Va. 744, (24 S. E. 679). Blake then brought her action of *assumpsit* against the applicant, the Ohio River Railroad

Company, for the said sum of nine hundred and fifty dollars, in the circuit court of Cabell County. Defendant pleaded the general issue, and, by permission of the court, filed six special pleas in writing, over the plaintiff's objection; plaintiff joining issue on each of said pleas. The matters of law and fact arising in the case were submitted to the court, in lieu of a jury, and upon a full trial the court found the issues for the plaintiff, and assessed her damages at one thousand and fifty-four dollars, and rendered judgment thereon. Defendant moved the court to set aside its finding and grant it a new trial, which motion the court overruled; and the defendant excepted, and filed its bill of exceptions, and obtained a writ of error, assigning as error that, if Blake had a right of action at all against appellant for the money sought to be recovered, it was not *assumpsit*, and the court should have sustained the demurrer of defendant to plaintiff's declaration. There was no demurrer interposed, as shown by the record, and the court passed upon none. The pleas entered by defendant were the general issue and the six special pleas mentioned. The amount of damages had been ascertained as provided by law, and the larger portion of it, if not all, had been paid, and appellant had taken possession of the property sought to be condemned, although technically wrongfully, if the damages were not all paid, as it had no right, under the statute, to take possession until the whole of the damages ascertained were paid; yet, the amount being ascertained and certain, plaintiff's proper action, if any she had, was *assumpsit* for the unpaid portion of the damages so ascertained.

The second assignment is that "the recital in the judgment in the condemnation proceedings which was introduced by the defendant in support of its plea is conclusive upon plaintiff, Blake, and she is estopped to deny that the nine hundred and fifty dollars recited in said judgment as having been paid into court was so paid in;" and the third assignment is that "the finding of the court, and the judgment entered thereon, are contrary to the law and the evidence, in this: That the whole testimony shows that the money paid by the railroad company into the hands of B. C. Wilson was so paid with the assent of the said Blake,

and said Wilson was a stakeholder mutually agreed upon by the parties." It is not denied that upon the filing of the award of the commissioners appointed by the justice, in the clerk's office of the circuit court, the applicant paid the nine hunderd and fifty dollars into the hands of B. C. Wilson, who was clerk of the said court; and it is insisted by appellant that the following reference in the judgment of the court, entered January 10, 1893, to the payment of the said sum, to wit: "It is therefore considered by the court that the said Ohio River Railroad Company do pay to the said Cappie B. Blake, the sum of one thousand five hundred and fifty dollars, being the amount of two thousand five hundred dollars aforesaid, less the nine hundred and fifty dollars heretofore paid into court by said railroad company," etc.,—is conclusive upon Blake, and that she is estopped to deny that it was paid into court. The payment to Wilson was without authority of law, and, of course, must be at its own risk, unless it is shown that plaintiff also made said Wilson her agent to receive the money, or to hold it for her after it came into his hands. Z. T. Vinson testified in the case at bar that he was one of the attorneys of the applicant in the condemnation proceedings; that, when the commissioners made their award of nine hundred and fifty dollars, their report was returned to and filed in the clerk's office, "and thereupon, as attorney for said road, I paid the amount of said award to said circuit clerk in vacation, and without any order of court at that time directing me to do so. Said court then had general receiver, but afterwards, by acquiescence and general understanding, that payment was treated as a payment into court, both by the parties as well as by the court, but there was no agreement to that effect. The railroad company was anxious to begin moving the gravel, and did not wait for the court to convene, but paid the award of the commissioners to the clerk of the court in vacation, and no objection or exception was made by Blake at any time to this payment." L. E. Blake also testified that he was husband of plaintiff, and acted as her agent, since before the institution of the original condemnation proceeding in this matter, that "at the time or shortly after the commissioners, Jack Johnson and Driggs, made their report in said

condemnation proceeding, the railroad company paid the award made by said commissioners to B. C. Wilson, clerk of the circuit court of Cabell County; but the clerk failed to pay the same either to Cappie B. Blake, or to me as her agent, or to any one else for her. This payment to the clerk was made in the absence of any agreement with Cappie B. Blake, or with me as her agent; and the railroad company has never paid the said sum of nine hundred and fifty dollars to her or to me for her. One hundred dollars thereof, however, was disbursed by said clerk to E. M. Ingalls, leaving a balance due Cappie B. Blake of eight hundred and fifty dollars. The railroad company has taken and carried away all of the gravel described in the verdict of the jury, and has paid the assessed value thereof, except the eight hundred and fifty dollars aforesaid." The proceeding for condemnation began in June, 1892. The commissioners filed their report in July. The sum of nine hundred and fifty dollars awarded by the commissioners was paid to the clerk by the applicant, who at once took possession, and commenced removal of the gravel. Blake excepted to the report on the ground of inadequacy of compensation, and demanded a jury to ascertain her damages. On the 1st day of September, 1892, E. M. Ingalls, the tenant of Blake, filed his petition in the cause for pay for damages to his crops; and he was allowed out of the fund so paid to the clerk one hundred dollars, which was paid to him, as stated by witness L. E. Blake. On the 7th day of December, 1892, a jury was impaneled, and on the 9th of December rendered their verdict; and on the 10th day of January, 1893, the court rendered its judgment on the verdict for one thousand five hundred and fifty dollars in favor of Cappie B. Blake, owner of the property condemned,—being the amount of two thousand five hundred dollars, the amount of the verdict, after the remitting of four hundred and thirty-three dollars granted by the owner, less the sum of nine hundred and fifty dollars, which the court found had been paid theretofore into court by the said railroad company. This was a judgment rendered for Blake in the proceeding, and to which she made no objection and took no exception. She knew the money was in the hands of the clerk. She makes no explanation

whatever of her conduct in allowing the money to remain with the clerk, when she could probably have had it for the asking. As stated by JUDGE DENT in *State* v. *Enslow*, 41 W. Va. 744, (24 S. E. 679): "Every one is presumed to know the law. Hence it must be presumed that the company, in depositing the money in the clerk's hands, and Mrs. Blake, in allowing the money to remain in his hands for so long a time without objection, when she might have had it herself, were fully informed as to the law, and that this conduct was controlled by their personal trust and confidence in the personal integrity of the clerk, and not from reliance on his official bondsmen." To this judgment for two thousand five hundred dollars, less the "nine hundred and fifty dollars paid.into court," the railroad company obtained a writ of error. If Blake was not satisfied.with the finding that the nine hundred and fifty dollars had been paid into court, why did she not file a cross assignment of error, and have the judgment corrected? The judgment was affirmed February 3, 1894. See 38 W. Va. 718, (18 S. E. 957). She raised no objection to the judgment when it was rendered, and acquiesced in it, certainly, until it was affirmed by the appellate court. She failed to ask on the 10th of January, 1893, for judgment for the two thousand five hundred dollars, instead of one thousand five hundred and fifty dollars, which she was entitled to have, and which she must have asked for, unless she was satisfied with the payment of the nine hundred and fifty dollars into the hands of the clerk of the court. The court ascertained in rendering its judgment that the nine hundred and fifty dollars had been by the applicant paid into court, and, without so ascertaining, it must have rendered judgment for two thousand five hundred dollars instead of one thousand five hundred and fifty dollars. In *Trustees* v. *Stocker*, 42 N. J. Law, 115, it is held that "a proposition assumed or decided by the court to be true, and which must be so assumed or decided in order to establish another proposition, which expresses the conclusion of the court, is as effectually passed upon and settled in that court as the very matter directly decided." See, also, *Tuska* v. *O'Brien*, 68 N. Y. 446. And in *Burlen* v. *Shannon*, 99 Mass. 200, it is held that "a verdict and judg-

ment are conclusive by way of estoppel only as to facts without the existence and proof or admission of which they could not have been rendered." *Fuller* v. *Eastman*, 81 Me. 284, 17 Atl. 67; *Kelley* v. *Donlin*, 70 Ill. 378; *Hemenway* v. *Wood*, 53 Iowa, 21, 3 N. W. 794. If the nine hundred and fifty dollars was paid into court by the applicant, the appellee had no cause of action against appellant. If it was not intended to be considered and treated as a payment into court, plaintiff should have insisted on judgment for the two thousand five hundred dollars, and not acquiesced in the payment and treated it as legal; but, accepting the judgment adjudicating the fact that the money was paid into court, she is estopped from denying such payment. For the reasons stated, the judgment of the circuit court will be reversed, and the action dismissed.

*Reversed.*