# CHARLESTON.

## STATE *v.* BARNES.

Submitted June 5, 1902.   Decided November 29, 1902.

1. BONDS—*Tax Bills.*

   A constable's bond does not answer for tax bills once in the hands of a sheriff for collection, and accounted for by him, which he has put into the constable's hands for collection, unless those owing the same have promised the sheriff to pay them.   Otherwise as to officers' fee bills.   (p. 86).

2. COMMISSIONER—*Evidence.*

   A report of account by a commissioner in an action at law, whether excepted to or not, is *prima facie* in its findings, but not conclusive, and may be repelled by evidence at the trial. (p. 87).

Error to Circuit Court, Marion County.

Action by the State, for the use of Amos N. Prichard, against Trever J. Richards and others.   Judgment for plaintiff, and defendants bring error.

*Reversed.*

J. W. MASON and F. T. MARTIN, for plaintiffs in error.

U. N. ARNETT, JR., and W. S. MEREDITH, for defendant in error.

BRANNON, JUDGE:

An action was brought in the circuit court of Marion County by the State for the use of Amos N. Prichard against Trever J. Richards and his sureties upon an official bond given by Richards as constable, in which Pritchard's cause of action was that while he was sheriff of Marion County he put into the hand of Richards as constable tax bills and officers's fee bills for collection, which Prichard had accounted for and paid to those entitled to them, and which he claimed against the persons owing them, and for which Richards as constable executed to Pritchard his official receipt as constable, and which the constable collected.   An order was made referring the case to Commissioner W. S. Meredith to state an account between the

parties, and he filed a report. The case was tried by a jury, and a verdict was returned for the plaintiff, and judgment was rendered upon it, and the defendants brought the case here.

It is assigned as error that the court overruled a demurrer to the declaration. This assignment rests on the theory that taxes and fee bills are not such claims as can be placed in a constable's hands and a liability arise therefrom upon his official bond.

The contract of sureties is *strictissimi juris;* they stand upon the letter of the bond, and are bound no further than the letter goes. *State* v. *Nutter,* 44 W. Va. 385. As the bond in this suit stipulates that the constable will faithfully discharge his duties and account for and pay over all money coming to his hands by virtue of his office, its letter covers the taxes and fees mentioned; but the question is whether the law makes such letter apply to taxes and fee bills. Was the constable bound by law to receive and account for them? "Sureties for a public officer are not liable for failing to do any acts which the law does not require him to do." Throop, Pub. Off., s. 230. The bond is not good for taxes collected which the officer is not by law authorized to collect. *Id.* "As a general rule, the sureties of a sheriff or constable are only liable for such of his acts or defaults as are within the scope of his authority or duty as such officer." 2 Brandt, Surety, s. 565. Under this principle this Court held that the bond of a clerk did not secure money paid him without order of the court to receive it. *State* v. *Enslow,* 41 W. Va. 744.

As to taxes. A constable could not levy them, because the statute gives the sheriff that power by Code, chapter 220. Section 23 only gives a constable such power in case of delinquent taxes put in his hands by the auditor. The constable could not sue on them, unless a promise to pay to the sheriff is made by the tax-payer. *Hinchman* v. *Morris,* 29 W. Va. 673. But the declaration states such a promise and if so these taxes were collectible claims by suit before a justice, and section 148, chapter 50, Code, makes a constable's bond answer for "any claim" entrusted to him "to sue upon or collect." A tax bill, which the taxpayer has promised the sheriff to pay, being thus a cause of action, is a "claim" under that section.

As to fee bills. The Code gives the power to levy only to a

sheriff, not a constable. I suppose a fee bill is not *per se* evidence of debt so as to be ground of action, though I think an officer could bring *assumpsit* for services, and I think they are suable before a justice. However, the declaration alleges a promise to pay these fees, and thus they were "claims" which a constable could sue upon. Hence, under such promises to pay these taxes and fees, the demurrer was properly overruled.

The court allowed a receipt given to Pritchard by the constable to go in evidence. The defence says that this was not competent evidence, as it shows that it is for taxes and fee bills, and thus constitutes no evidence of liability. This would be so as to taxes, if the declaration had not charged promises to pay them; but as it did, the receipt was admissible as an item of evidence.

The commissioner's report found a certain sum due Pritchard. The defense excepted to it because, it being based only on tax and fee bills, it did not show a legal liability, and it was objected to on the trial. It was competent evidence, because section 10, chapter 129, Code 1891, says that a report made in an action at law shall be "deemed *prima facie* correct, and may be given in evidence to the court or jury."

But what is the force of that report as evidence? The defence says that it is taken to be correct only as to computation, calculation of figures, but not as to liability or facts upon which the items are based, and that everything essential to support the action must be proven before the jury. This would deny it all force as to the grounds or basis of its finding. A report in a chancery case, not excepted to, is taken against adults to be correct and conclusive in all respects, except as to error upon its face; but I do not so regard a report in an action at law as having the same force, though not excepted to. It is only *prima facie,* and may be overthrown by evidence. Depositions taken in this case are certified with the report. They do not show any promise to pay taxes. There is no evidence of such promise. The report on its face shows that the liability rests alone on such tax bills and a small amount of fee bills, and the taxes imposed no liability under the bond. If there could be recovery on the bond against the constable, a question not arising in this case by reason of his death, there can be none against his surety under the circumstances given for taxes, as the action

was not sustained by sufficient evidence. Richards acted only as the sheriff's agent, not as an officer. The motion for a new trial should have been granted.

There was an exception based on the refusal of the court to allow Barnes to answer a question as to what Samples said to him. We cannot say that the answer was relevant, because neither the answer, nor the proposed answer is given. *Jackson* v. *Hough,* 38 W. Va. 236; *Brock* v. *Bear,* 42 S. E. 307. Therefore, we reverse the judgment, set aside the verdict, grant a new trial, and remand the case.

*Reversed.*