WESTERN FRUIT & CANDY COMPANY, JOHN NOPOULOS and LOUIS FISCHER, Appellants, v. ISAAC PETERSBERGER and AD. SEIDEL & SONS.

**Garnishment:** PAYMENT INTO COURT: DISCHARGE OF GARNISHEE.
1  Where a bank as garnishee paid to the clerk of court a deposit not belonging to the defendant, the depositor who withdrew his petition

of intervention before judgment was not bound by the order discharging the garnishee, and was in position to demand payment from the bank or anyone in possession of the fund; as the bank did not pay over the money to the clerk in pursuance of any order of court, or of the statute, providing that a garnishee can exonerate himself by paying the amount owing the defendant over to the sheriff.

**Same:** PAYMENT OF GARNISHEE:  SUMMARY PROCEEDINGS.  The statute only authorizes payment to the sheriff by a garnishee in discharge of his liability; and when the garnishee pays the fund to the clerk of courts, in the absence of an order of court for such payment, he does not receive it in an official capacity, and is not subject to summary proceedings under the statute to compel the payment of money collected by sheriffs, constables or other officers.

*Appeal from Scott District Court.*—HON. WM. THEOPHILUS, Judge.

THURSDAY, OCTOBER 23, 1913.

A MOTION that the clerk of court be ordered to turn over money received by him from a garnishee to the Western Fruit & Candy Company to the moving party was overruled, and that company appeals.—*Affirmed.*

*Sharon & Higgins,* for appellant.

*Isaac Petersberger,* for appellees.

LADD, J.—Judgment was recovered in favor of Ad. Seidel & Sons against John Nopoulos in justice court, and, execution having issued thereon, the Iowa National Bank of Davenport was served with notice of garnishment.  It answered that Nopoulos had an account with it "under the name and style of the Western Fruit & Candy Company;" that "against said account said principal defendant drew checks;" and that there was "a balance owing him of $193." Of this amount $168.26 was condemned to the payment of the judgment, and Nopoulos appealed to the district court.

The bank paid this sum into the hands of the clerk, and on final hearing September 20, 1911, judgment was entered discharging the bank as garnishee, awarding Nopoulos judgment against Ad. Seidel & Sons for costs, reciting that ''the interveners (Western Fruit & Candy Company and Louis Fischer) dismiss their petition of intervention,'' and ordering that the bank ''be exonerated in this case.'' Thereafter, and on the 16th day of December, 1911, the Western Fruit & Candy Company (a partnership composed of Nopoulos and Louis Fischer) filed a motion, reciting the foregoing facts and asking that the clerk of court be ordered to pay to it the sum paid to him by the bank. The court refused to hear evidence holding the motion insufficient, and shortly afterwards an amendment thereto was filed stating the facts in greater detail. All parties connected with the litigation were in court, and on motion of the clerk the application was dismissed. The grounds of this motion were that the clerk was entitled to his day in court and a jury trial, and that the movant was not an execution plaintiff and for this reason could not avail itself of the summary proceedings authorized by statute.

It will be observed that the Western Fruit & Candy Company had withdrawn its petition of intervention just in time to avoid being adjudged entitled to the money in the hands of the clerk, and the entry exonerating the bank could have no effect other than adjudging it not liable to Nopoulos. The Western Fruit & Candy Company, having gone out of the case, was not bound by the adjudication, if such it may be designated, and for all that the bank had done or the court had ordered might have exacted payment of the entire amount paid into the hands of the clerk of court from the bank or of those into whose hands it might trace the fund. This is for the reason that the bank did not pay over the money by virtue of any order of court nor in pursuance of any statute. Section 3944 of the Code provides that: ''A

1. GARNISH-
MENT: pay-
ment into
court: dis-
charge of gar-
nishee.

garnishee may, at any time after answer, exonerate himself from further responsibility by paying over to the sheriff the amount owing by him to the defendant, and placing at the sheriff's disposal the property of the defendant, or so much of said debts and property as is equal to the value of the property to be attached." As seen, this does not constitute the clerk the custodian of such fund, and moreover the garnishee may exonerate himself only by paying over to the sheriff the amount "owing by him to the defendant." The money paid to the clerk did not belong to the defendant, as the court determined and as the garnishee, according to its answer, well knew.

The transaction, then, did not render the clerk the official custodian of the money. He did not receive it by virtue of his office, and, though the Western Fruit & Candy Company may be able to maintain an action against him

2. SAME: payment by garnishee: summary proceedings.

personally, he would not be liable on his official bond. 7 Cyc. 237; *People, to Use of Howard v. Cobb,* 10 Colo. App. 478 (51 Pac. 523); *State v. Enslow,* 41 W. Va. 744 (24 S. E. 679). In *Elliott v. Jones,* 47 Iowa, 124, the money was in the clerk's hands under order of court. As the clerk did not receive the money by virtue of his office, he is not subject to summary proceedings, to compel its payment, wherein judgment or final order may be obtained by "plaintiffs in execution against sheriffs, constables and other officers, for the recovery of money or property collected for them." Section 3826, Code.

The order sustaining the motion to dismiss is *Affirmed.*

WEAVER, C. J., and EVANS and PRESTON, JJ., concur.