P. L. FOWLER, Appellant, v. DECATUR COUNTY, Appellee.

**ASSIGNMENTS:** Title of Assignee—Sufficient Pleading to Show.
1 Allegations of plaintiff's ownership of a claim as assignee, held sufficient, in instant case, on demurrer, though petition would have been subject to motion for more specific statement.

**CLERK OF COURTS:** Authority—Paying Unclaimed Money to Treas-
2 urer—Judgments. The clerk of the district court has no authority, under Sec. 300, Code, to turn over to the county treasury, or the county treasurer to receive, the amount collected on a private judgment but not called for by the judgment plaintiff, said section only commanding the clerk to turn over to the treasurer unclaimed ''fees.''

COUNTY TREASURER: Authority—Extra-Official Receipt of
3    Money—Effect. The county treasurer has no authority, under
     Secs. 482 to 492, inclusive, Code, to receive from the clerk of the
     district court, and render the county liable, unclaimed money re-
     ceived by the clerk on a private judgment and uncalled for by the
     judgment plaintiff.

MUNICIPAL CORPORATIONS: Extra-Official Receipt of Money by
4    Officers—Liability. Municipal corporations cannot be rendered
     liable by the unauthorized and extra-official receipt of money by
     its public officers.

> PRINCIPLE APPLIED: A clerk of the district court officially
> received money collected by the sheriff on an execution issued
> on a judgment. Later, the judgment plaintiff not calling for the
> money, the clerk, mistaking his duty, paid the money to the county
> treasurer. There was no law authorizing the clerk to so pay or
> the treasurer to so receive. Some fourteen years later, an as-
> signee of the judgment brought an action at law against the
> county, alleging that the money was paid over to the treasurer
> "to be held in trust." *Held*, on demurrer that petition did not
> state facts showing liability of county.

*Appeal from Decatur District Court.*—HON. THOMAS L.
MAXWELL, Judge.

THURSDAY, FEBRUARY 11, 1915.

ACTION at law to recover money alleged to have been de-
posited with the county treasurer. The demurrer of the
defendant was sustained, and plaintiff appeals.—*Affirmed.*

*P. L. Fowler*, for appellant.

*Ed. H. Sharp*, County Attorney, for appellee.

PRESTON, J.—The petition alleges, substantially, that
plaintiff is the assignee of the Iowa Savings & Loan Associa-
tion; that about January 18, 1898, said association obtained
judgment against E. A. Allen et al., in the district court of
Decatur County; that July 20, 1898, a special execution was
issued against certain property which was returned Septem-

ber 21, 1898, satisfied in part; that the property sold for
$187.90, and that such amount, less the sheriff's costs, was
turned over to the clerk of the court of Decatur County, and
that, after paying costs, there was left in the clerk's hands
$140.05; that July 4, 1899, the clerk, J. C. Stockton, turned
over to A. C. Cochran, the then county treasurer of Decatur
County, the sum of $140.05, to be held in trust for said Sav-
ings Association; that on October 11, 1911, said association
assigned to J. S. Irish the above named judgment and its
proceeds as follows: "In consideration of $5.00 and other
value, the Iowa Savings & Loan Association hereby sells, as-
signs and sets over to J. S. Irish its interest in all judgments
it may have in the State of Iowa;" that on August 6, 1912,
the claim was presented to the county auditor of defendant
county and payment refused.

The grounds of the demurrer are, first, that the plaintiff
has no legal capacity to sue for the reason that the petition
shows that the claim is the property of John S. Irish; second,
that the facts stated do not entitle the plaintiff to the relief
demanded for the reason that the petition shows on its face
that defendant county is in no way indebted to plaintiff, and
if the money was paid in to the treasurer, A. C. Cochran, by
John C. Stockton, as alleged, Decatur County would be in no
way liable for the same, because there is no law authorizing
the clerk to turn over money received on judgments to the
treasurer or any other party other than the party obtaining
the judgment, or his assignees or representatives; third, that
there is a defect of party defendant, or that plaintiff's rem-
edy, if any, would be against the treasurer by mandamus to
compel him to pay the judgment, or an action against Stock-
ton to recover the amount for wrongfully allowing the money
received on the judgment to pass from his hands as clerk;
fourth, that the petition on its face shows that the account is
barred by the statute of limitations; and fifth, that there is
no law allowing or permitting the county treasurer to act as
trustee for plaintiffs who obtain judgments in the courts.

1. While the allegations of the petition are somewhat indefinite as to the alleged assignment of the claim, or ownership thereof by plaintiff, and, doubtless, the petition would have been subject to a motion for more specific statement, we think the allegations are sufficient on demurrer. Of course, upon a trial of the case, plaintiff would be required to prove that he was entitled to sue and that he was the proper party to receive the money alleged to have been deposited.

1. ASSIGNMENTS: title of assignee: sufficient pleading to show.

2. Appellant relies entirely upon Sec. 300 of the Code, and cites no other provision of the statute or authority. But it is clear that this section has reference only to fees. Sec. 299 refers to the fees received by the clerk and which he is required to report. Sec. 300 provides, in substance, that on the first Monday in January and July of each year, he shall pay into the county treasury, for the use of the county, all other fees not belonging to his office which are unclaimed, and provides that the fees may be drawn on demand by the person entitled thereto. The statute cannot be enlarged to include the proceeds of judgments. In certain cases an administrator, guardian, trustee or referee, desiring to make a final report, may deposit funds for persons entitled thereto, and, if not paid to such persons within one year, the clerk shall deposit such moneys with the county treasurer, and when the claimant appears he may make application to the district court, who may, if satisfied, direct the county auditor to issue a warrant on the treasurer. Code Sec. 370, 371, 372.

2. CLERK OF COURTS: authority: paying unclaimed money to treasurer: judgments.

Sec. 368 of the Code provides that, under certain circumstances, the court may order money paid to the clerk. These sections do not apply here, and appellant does not so claim.

The duties of the county treasurer are prescribed in the Code, Secs. 482 to 492, and there may be some other provi-

sions for collecting money in special cases. But we are not

3. COUNTY
TREASURER:
authority: ex-
tra-official
receipt of
money: effect.

cited to, and are unable to find, any provi-
sion of the statute authorizing the county
treasurer to receive, or the clerk to pay to
the treasurer, money under the circumstances
alleged in this case.

Appellee relies upon and cites only *State v. Farrell,* 83
Iowa 561. The argument of appellee is, that the mere fact
that the money which came into the hands of the clerk by rea-

4. MUNICIPAL
CORPORATIONS:
extra-official
receipt of
money by
officers:
liability.

son of the payment of a civil judgment was
by him paid over to the treasurer of the
county does not make the county a trustee for
the owner of the judgment, because there is
no law warranting such transfer and no law
that would make the county a trustee under such circum-
stances; that, at the most, the money would be held as money
had and received, and that, therefore, the claim would be
barred by the statute of limitations.

The argument is, also, that if plaintiff is entitled to any
relief, it would be either against the clerk for wrongfully
turning the money over to the treasurer, or against the treas-
urer for wrongfully receiving the money; that these two offi-
cers may not, by their wrongful acts, bind the county and
make the county a trustee for money under such circum-
stances.

It is alleged in the petition that the money in question
was turned over to the treasurer to be held in trust, and it was
so alleged in the petition in the case of *State v. Farrell, supra,*
and that case was determined upon demurrer. The demurrer
was sustained and the decision affirmed by the supreme court.
It should be borne in mind that this is an action at law, and
not in equity, to establish a trust.

We are of opinion that the petition does not allege facts
sufficient to show that the money was held in trust for the
benefit of the judgment creditor, or its assigns, and that, there
being no provision of law authorizing the treasurer to receive

the money as county treasurer, his bondsmen would not be liable for the payment of this money, and, if this is so, the county would not be liable. The treasurer might be liable personally, perhaps, if the account was not barred by the statute of limitations, but this we do not determine. If the money is held by the county treasurer extra-officially, for others, the county would not be liable. To hold otherwise would be to hold that many people might, without authority, make deposits with the county treasurer of large sums of money and hold the bondsmen or the county simply because the treasurer takes the money.

It should be noticed that the money was paid some fourteen years ago, and it is not shown that the person now occupying the position of treasurer is the same person to whom the money was paid, nor is there any allegation that the then treasurer did in fact turn the money into the county treasury with the funds of the county or that it is so held. Nor is it shown or alleged that the then treasurer turned this money over to his successor. As bearing upon the views here expressed, see: 29 Cyc. 1455; *Western Fruit & Candy Co. v. Petersberger,* 161 Iowa 436; *District of Columbia v. Petty,* 229 U. S. 593, 57 L. Ed. 1343.

In the *Western Fruit & Candy Co.* case, *supra,* it was held that, because the statute did not constitute the clerk of court the custodian of the fund, he did not receive it by virtue of his office, and, though the plaintiff might maintain an action against him personally, he would not be liable on his official bond, and that, because the clerk did not receive the money by virtue of his office, he was not subject to summary proceedings to compel its payment.

In the *District of Columbia* case, *supra,* it was held that under the evidence in that case moneys received by an auditor were not public moneys; that funds of private citizens were held extra-officially by the officers, and that the sureties on his bond were not liable therefor.

It is our conclusion that the ruling of the trial court was right, and the judgment is—*Affirmed.*

DEEMER, C. J., EVANS and WEAVER, JJ., concur.